UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA SHAFFER,

    Plaintiff,

v.    Case No. 8:18-cv-853-T-24 CPT

INDEPENDENT ADMINISTRATIVE
SERVICES, LLC, and AMERILIFE
GROUP, LLC,

    Defendants.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion to Disqualify Defendants' Counsel and to Strike Answer. (Doc. No. 7). Defendants oppose the motion. (Doc. No. 14). As explained below, the motion is denied.

**I. Background**

Plaintiff Linda Shaffer was employed by Defendants until they terminated her on October 11, 2016 when she was over fifty years old. As a result, she filed a complaint against Defendants, in which she contends that during her employment, she experienced age discrimination, gender discrimination, and retaliation. She also contends that Defendants violated the Equal Pay Act.

In her complaint, Plaintiff alleges that she reported to Defendants' General Counsel, R. Nathan Hightower and that he treated female employees differently than he treated male employees. For example, Plaintiff contends that Hightower yells and screams at female employees and bullies them while treating similarly situated male employees with respect.

In response to her complaint, Defendants filed their Answer and Affirmative Defenses. (Doc. No. 6). Hightower represents Defendants and signed the Answer and Affirmative Defenses. Ryan Scully, who works with Hightower in Defendants' legal department, is also representing Defendants in this case.

## II. Motion to Disqualify and Strike

Plaintiff filed the instant motion to disqualify Hightower and Scully from representing Defendants and to strike Defendants' Answer and Affirmative Defenses signed by Hightower. Plaintiff contends that Hightower should be disqualified pursuant to Florida Rule of Professional Conduct 4-3.7. Rule 4-3.7(a) provides the following:

> (a) When Lawyer May Testify. A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness on behalf of the client unless:
> (1) the testimony relates to an uncontested issue;
> (2) the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony;
> (3) the testimony relates to the nature and value of legal services rendered in the case; or
> (4) disqualification of the lawyer would work substantial hardship on the client.

Florida Rule of Professional Conduct 4-3.7(a).

Defendants respond that this rule only applies to Hightower representing Defendants at trial if Hightower is called as a witness; it does not prohibit Hightower from representing Defendants in pretrial proceedings. The Court agrees with Defendants. As explained by one court:

> Rule 4-3.7 of the Rules of Professional Conduct provides that a "lawyer shall not act as advocate at a trial in which the lawyer is

2

> likely to be a necessary witness on behalf of the client." The key words here are "at a trial." Therefore, it follows that a lawyer may act as an advocate at pre-trial (before the start of the trial) and post-trial (after the judgment is rendered) proceedings.

Columbo v. Puig, 745 So. 2d 1106, 1107 (Fla. 3d DCA 1999); see also In re Thompson, 2006 WL 1598112, at *1 (11th Cir. 2006)(stating that "Florida courts have limited counsel's disqualification under the Rule, in cases where counsel's disqualification arises because of his role as a witness, to counsel's appearance at trial and have allowed such counsel to participate in pretrial and posttrial matters").

Based on the above, the Rule does not allow the Court to disqualify Hightower from representing Defendants in pretrial proceedings. Instead, the Rule mandates that the Court determine whether Hightower should be disqualified from representing Defendants at trial if he is called as a witness. Defendants urge the Court to allow discovery to progress before making this determination. The Court is persuaded by Defendants' argument and will allow Plaintiff to raise the issue again after discovery has concluded and any dispositive motions have been filed. Accordingly, the Court denies Plaintiff's motion to disqualify Hightower from representing Defendants in pretrial and post-trial proceedings.

Plaintiff also moves to disqualify Scully and Defendants' legal department from representing Defendants based on her contention that Hightower should be disqualified. Florida Rule of Professional Conduct 4-3.7(b) controls this issue and provides the following:

> (b) Other Members of Law Firm as Witnesses. A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by rule 4-1.7 [Conflict of Interest - Current Clients] or 4-1.9 [Conflict of Interest - Former Clients].

3

Florida Rule of Professional Conduct 4-3.7(b).

Based on this Rule, Scully and Defendants' legal department are not prohibited from representing Defendants without a showing that a conflict of interest between Defendants and Scully (or other members of the legal department) exists. There has not been such a showing, and therefore, the Court denies Plaintiff's motion to disqualify Scully and Defendants' legal department from representing Defendants.

Finally, Plaintiff moves to strike Defendants' Answer given that it was signed by Hightower, whom Plaintiff contends should be disqualified. However, as previously stated, Hightower may represent Defendants in pretrial proceedings, including by filing Defendants' Answer. Accordingly, the Court denies Plaintiff's motion to strike Defendants' Answer.

### III. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Disqualify Defendants' Counsel and to Strike Answer (Doc. No. 7) is **DENIED**. Plaintiff may re-file the motion after discovery has concluded and any dispositive motions have been filed to address whether Hightower should be disqualified from representing Defendants at trial.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of July, 2018.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record